IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | |
|---|---|
| LUIS ENRIQUE CASTILLO URIOSTEGUI § | |
|     *Plaintiff,* § | |
| § | |
| v. § | |
| § | |
| BRIDGESTONE RETAIL OPERATIONS, § | CIVIL ACTION NO. 4:23-cv-00220-Y |
| LLC F/K/A BFS RETAIL AND § | |
| COMMERCIAL OPERATIONS, LLC AND § | |
| BRIDGESTONE AMERICAS, INC. § | |
|     *Defendants* § | |

## PLAINTIFF'S FIRST AMENDED COMPLAINT

Plaintiff **LUIS ENRIQUE CASTILLO URIOSTEGUI** files this first amended Complaint against Defendants **BRIDGESTONE RETAIL OPERATIONS, LLC AND BRIDGESTONE AMERICAS, INC.** and alleges as follows:

### I. DISCOVERY-CONTROL PLAN LEVEL

1. Plaintiff intends to conduct discovery under Level 2 of Texas Rule of Civil Procedure 190.3 because plaintiff seeks monetary relief of more than $1,000,000. Plaintiff affirmatively states they seek a maximum of $10,000,000.00. Plaintiff reserves the right to amend this amount as discovery progresses.

### II. JURISDICTION AND VENUE

2. Pursuant to Federal Rules of Civil Procedure Rule 8(a), this Court has jurisdiction of this civil action pursuant to 28 U.S.C. § 1332(a). The amount in controversy exceeds Seventy-Five Thousand Dollars ($75,000.00), exclusive of interest and costs. Plaintiff Luis Enrique Castillo Uriostegui is a citizen of Texas. Defendant Bridgestone Retail Operations, LLC is a corporation duly incorporated and organized under the laws of the State of Delaware and has a principal place of business in Tennessee and doing business throughout the state of Texas. Defendant Bridgestone Americas, Inc., is a corporation duly incorporated and organized under the laws of the State of Nevada and has a principal place of business in Tennessee.

3. Venue is properly before this Court under 28 U.S.C. § 1391(a)(2), because all or a substantial part of the events giving rise to this claim occurred in Tarrant County, Texas.

### III. PARTIES AND SERVICE

4. Plaintiff **LUIS ENRIQUE CASTILLO URIOSTEGUI** is an individual residing in Johnson County, Texas. The last three digits of the social security number for LUIS ENRIQUE

CASTILLO URIOSTEGUI are 451. The last three digits of the driver's license for LUIS ENRIQUE CASTILLO URIOSTEGUI are 961.

5. Defendant **BRIDGESTONE RETAIL OPERATIONS, LLC** is a corporation which may be served with process through Defendant's registered agent United Agent Group Inc. at 5444 Westheimer #1000, Houston, TX 77056.

6. Defendant **BRIDGESTONE AMERICAS, INC.** is a corporation which may be served with process through Defendant's registered agent United Agent Group Inc. at 5444 Westheimer #1000, Houston, TX 77056

## IV. FACTS

7. On or about January 30, 2021, Plaintiff was retrieving his vehicle from the Firestone Complete Auto Care, which is owned, operated, and/or controlled and has workers employed by Defendants Bridgestone Retail Operations, LLC F/K/A BFS Retail and Commercial Operations, LLC AND Bridgestone Americas, Inc., located at 1918 W Pioneer Pkwy, Arlington, TX 7601. Plaintiff was walking behind his vehicle to close the trunk of Plaintiff's vehicle when an employee of Defendants, who was driving a vehicle, failed to be aware of his surroundings and crushed Plaintiff between Plaintiff's vehicle and Defendant's vehicle (hereinafter referred to as "The Crush").

8. The Crush was proximately caused by the negligence of Defendants. Defendants are the proximate cause of the injuries Plaintiff sustained in The Crash.

## V. CAUSE OF ACTION: NEGLIGENCE OF DEFENDANTS BRIDGESTONE RETAIL OPERATIONS, LLC AND BRIDGESTONE AMERICAS, INC.

9. Defendants, by and through their employees, agents, and/or representatives, were negligent in the following ways:

   a. In failing to keep a lookout as a person of ordinary prudence would have kept under the same or similar circumstances;
   b. In failing to timely apply the brakes of their vehicle in order to avoid the collision in question;
   c. In failing to maintain control of their vehicle
   d. In failing to take proper evasive action;
   e. All other acts or omissions as shown at the time of trial.

10. Defendants, by and through their employees, agents, and/or representatives, owed a duty to Plaintiff to operate the motor vehicle in a safe and prudent way as any reasonable person would in the same or similar circumstances. The above listed elements show that Defendants breached that duty. Defendants' breach of this duty proximately caused the personal injuries suffered by Plaintiff.

11. Each of the foregoing acts or omissions, singularly or in combination with others, constituted negligence, which proximately caused The Crush and Plaintiff's injuries and damages.

## VI. R<small>ESPONDEAT</small> S<small>UPERIOR</small>

12. The Crush causing the injuries to Plaintiff was a result of the negligence of Defendants Bridgestone Retail Operations, LLC f/k/a BFS Retail and Commercial Operations, LLC and Bridgestone Americas, Inc., its agents, servants, and/ or employees, which negligent acts and/or omissions were committed by Bridgestone Retail Operations, LLC f/k/a BFS Retail and Commercial Operations, LLC and Bridgestone Americas, Inc., by and through their agents, servants, and/or employees while in the course and scope of their employment for Bridgestone Retail Operations, LLC f/k/a BFS Retail and Commercial Operations, LLC and Bridgestone Americas, Inc., Therefore, Defendants Bridgestone Retail Operations, LLC f/k/a BFS Retail and Commercial Operations, LLC and Bridgestone Americas, Inc., are liable pursuant to the doctrine of Respondeat Superior.

## VII. D<small>AMAGES</small>

13. As a result of Defendants' negligent actions, Plaintiff Luis Enrique Castillo Uriostegui suffered personal injuries. Consequently, Luis Enrique Castillo Uriostegui seeks recovery of the following damages:

   a. <u>Medical Expenses:</u> Luis Enrique Castillo Uriostegui incurred bodily injuries, which were proximately caused by The Crush and Luis Enrique Castillo Uriostegui incurred medical expenses for treatment of such injuries. Luis Enrique Castillo Uriostegui believes that, in reasonable medical probability such injuries will require the need for future medical care.
   b. <u>Physical Pain:</u> Luis Enrique Castillo Uriostegui endured physical pain as a result of the personal injuries sustained in The Crush and reasonably anticipate that such pain will continue in the future.
   c. <u>Mental anguish:</u> Luis Enrique Castillo Uriostegui endured mental anguish as a result of the personal injuries sustained in The Crush and reasonably anticipate such pain will continue in the future.
   d. <u>Disfigurement:</u> Luis Enrique Castillo Uriostegui endured disfigurement as a result of the personal injuries sustained in The Crush and reasonably anticipate such will continue in the future.
   e. <u>Impairment:</u> Luis Enrique Castillo Uriostegui endured physical impairment as a result of the personal injuries sustained in The Crush and reasonably anticipate such in the future.
   f. <u>Loss of Earning Capacity:</u> Luis Enrique Castillo Uriostegui reasonably believes that such injuries will diminish Plaintiff's earning capacity in the future.
   g. <u>Lost Wages:</u> Luis Enrique Castillo Uriostegui lost wages as a result of the personal injuries sustained in The Crash. Luis Enrique Castillo Uriostegui t reasonably believe that such injuries will diminish Plaintiff's earning capacity in the future.
   h. <u>Loss of Enjoyment of Life:</u> Luis Enrique Castillo Uriostegui endured a loss of enjoyment of life as a result of the personal injuries sustained in The Crush and reasonably anticipate such loss will continue in the future.

## VIII.  AGGRAVATION

14.     In the alternative, if it be shown that the Plaintiff suffered from any pre-existing injury, disease, and/or condition at the time of The Crush made the basis of this lawsuit, then such injury, disease, and/or condition was aggravated and/or exacerbated by the negligence of the Defendants.

## IX.  U.S. LIFE TABLES

15.     Notice is hereby given to the Defendants that Plaintiff intends to use the U.S. Life Tables as published by the Department of Health and Human Services – National Vital Statistics Report in the trial of this matter. Plaintiff requests that the Honorable Court take judicial notice of those regulations, and statutes of the United States and the State of Texas, pursuant to Texas Rule of Evidence 201 and 1005.

## X.  FEDERAL RULES OF EVIDENCE RULE 609

16.     Plaintiff requests, pursuant to Federal Rules of Evidence 609, that Defendants give Plaintiff sufficient advanced written notice of Plaintiff's intent to use evidence of a conviction of a crime under Rule 609 against any party or witness in this case, with failure to do so resulting in inadmissibility of the same.

## XI. DESIGNATED E-SERVICE EMAIL ADDRESS

17.     The following is the undersigned attorney's designated e-Service email address for all e- served documents and notices, filed and unfiled, pursuant to Tex. R. Civ. P. 21(f)(2) & 21a: E-Service@KTCLAWFIRM.com.  This is the undersigned's only e-Service email address, and service through any other email address will be considered invalid.

## XII. MISNOMER, ALTER-EGO, ASSUMED NAME

18.      In the event any parties are misnamed or not included herein, it is Plaintiff's contention that such was a "misnomer" and/or such parties are/were "alter egos" of parties named herein. Plaintiff relies upon Vernon's Texas Revised Civil Statutes Annotated, Art 6133, et seq., and Rule 28 of the TEXAS RULES OF CIVIL PROCEDURE in order to property identify the Defendants herein.

## XIII.  PRAYER

19.     For these reasons, Plaintiff asks that the Court issue citation for Defendants to appear and answer, and that Plaintiff be awarded a judgment against Defendants for the following:

    a. Judgment against Defendants for a sum within the jurisdictional limits of this Court for the damages set forth herein;
    b. Pre-judgment interest at the maximum amount allowed by law;
    c. Post-judgment interest at the maximum rate allowed by law;
    d. Costs of suit;
    e. Such other and further relief to which Plaintiff may be justly entitled.

Respectfully submitted,

**The Law Offices of Kelly T. Curran**

BY: _____

**DAK V. RASHETA**
State Bar No. 24110253
Midtown Office Center
5720 LBJ Fwy., Suite 440
Dallas, Texas 75240
Phone (469) 730-3007
Fax (469) 458-2993
Dak@ktclawfirm.com
ktclawfirm@gmail.com - E-Service address
**ATTORNEY FOR PLAINTIFF**